UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCO FERNANDEZ,

    Plaintiff,

        v.                                   CAUSE NO. 3:21-CV-311-JD-MGG

LATHPER, et al.,

    Defendants.

OPINION AND ORDER

Marco Fernandez, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fernandez alleges that on September 4, 2019, he was transferred to a new prison because prison officials had determined he was not safe at his former facility. ECF 1 at ¶¶ 8-12. On the way to his new facility, he learned that he was being sent to Miami Correctional Facility. *Id.* at ¶ 12. He told the transport officer that Miami was not safe and his life would be in danger there. *Id.* at ¶ 14. He asked the transport officer to notify

Internal Affairs of his fear, but the transport officer just dropped him off without taking further action. *Id.* at ¶ 16.

Upon arrival, Fernandez was sent to Room 334 in J-pod. ECF 1 at ¶ 17. That night, he wrote a request to Lathper, the J-pod casework manager, alerting her that his safety was in danger. *Id.* at ¶ 18. The next day, she called him into her office. *Id.* at ¶ 19 He told her his fears and asked to be put in seg for his protection. *Id.* Lathper said she could not place him in seg without a conduct report, but she gave him a protective custody request form. *Id.* at ¶ 20. He wrote down the names of the individuals who posed a threat and explained why they posed a threat. *Id.* at ¶ 21. One of the offenders he listed, Carrera, was also housed in J-pod, but on the other side of the pod, separated from him by two security doors. *Id.* at ¶ 22. Lathper told Fernandez to pack his property and she would be back to move him soon. *Id.* at ¶ 24. She said that because the facility was on lockdown from a previous stabbing, he would not encounter any offenders outside of those on his side of J-pod. *Id.*

Fernandez returned to his cell and packed up. ECF 1 at ¶ 25. No one came to move him before chow was called a few hours later. *Id.* When he returned from chow, Carrera was in his unit and attacked him in the dayroom. *Id.* at ¶ 27. While beating him, Carrera stated that he knew Fernandez was checking into protective custody. *Id.* Carrera had a copy of the letter Fernandez wrote to Lathper. *Id.* The injuries from the assault were manageable, so Fernandez remained in the dayroom after Carrera left. *Id.* at ¶ 28. Then, another offender, Anthony Lopez, came in and stabbed him six times. *Id.* Fernandez received medical care and was immediately moved to seg. *Id.* at ¶ 29.

2

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure to protect claim cannot be based "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As the Seventh Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning that they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). "Prison and jail officials are not required to guarantee the detainee's safety." *Smith v. Sangamon Cnty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2013) (quotation mark, brackets and ellipsis omitted).

Here, Fernandez states a claim against Lathper for failure to protect. Her initial actions were a reasonable response to the threats; she promptly arranged for Fernandez to be moved, though the move did not happen in time. However, the allegation that one of the attackers had the letter Fernandez sent her allows a reasonable inference that she either intended for the attack to happen or knew the attack was imminent and he needed to be moved sooner. The case may proceed against Lathper.

As for the remaining defendants, the complaint does not plausibly allege either can be held responsible for the attack. Fernandez alleges that when he was speaking with Lathper, she called Internal Affairs Supervisor McGee and explained the situation. ¶ 23. Then, when he was recovering from the attack, McGee visited him and apologized for the "leaking" of the protective custody request and his delay in attending to the situation. ECF 1 at ¶ 31. Deliberate indifference is a high standard. Neither McGee's general knowledge of the threats nor the apology after the fact allows a reasonable inference that McGee had knowledge of the impending attack and the need to act quickly.

The transport officer also cannot be held responsible for the attack. Fernandez sues the transport officer for leaving him at Miami and not alerting Internal Affairs to the threat. But the complaint contains no indication that the transport officer had the ability to change Fernandez's prison placement or affect his placement within the prison. Moreover, Internal Affairs was alerted to the threat, albeit by Fernandez himself and not the transport officer. Therefore, the transport officer's failure to alert Internal Affairs did not contribute to Fernandez's injury.

Finally, Fernandez also alleges the defendants' actions were negligent and asserts state law claims. However, a negligence claim under Indiana law can be brought only after the plaintiff has filed the notice of tort claim as required by the Indiana Tort Claims Act. *See* Indiana Code § 34-13-3-6; *Poole v. Clase*, 476 N.E.2d 828 (Ind. 1985). Here, there is no indication that Fernandez has done so.

For these reasons, the court:

(1) GRANTS Marco Fernandez leave to proceed against Casework Manager Lathper in her individual capacity for compensatory and punitive damages for failing to protect him from an attack on September 5, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES McGee and John Doe;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Casework Manager Lathper at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Casework Manager Lathper to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 5, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT