UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCO FERNANDEZ,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-311-JD-MGG

LATHPER,

    Defendant.

OPINION AND ORDER

Marco Fernandez, a prisoner without a lawyer, is proceeding in this case "against Casework Manager Lathper in her individual capacity for compensatory and punitive damages for failing to protect him from an attack on September 5, 2019, in violation of the Eighth Amendment[.]" ECF 9 at 5. Casework Manager Lathper filed a motion for summary judgment, arguing Fernandez did not exhaust his administrative remedies before filing suit. ECF 18. Fernandez filed a response, and Casework Manager Lathper filed a reply. ECF 24, 25. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from exhausting if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies

are not considered available. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

In her summary judgment motion, Casework Manager Lathper argues Fernandez did not exhaust his administrative remedies prior to filing this lawsuit because he submitted a grievance alleging she failed to protect him on September 5 but never appealed that grievance after he received no response from the grievance office. ECF 19 at 5-6. In his response, Fernandez concedes he did not fully exhaust his administrative remedies prior to filing this lawsuit. ECF 24-1. Instead, he argues he never had any available administrative remedy to exhaust. *Id.*

Fernandez provides an affidavit, in which he attests to the following facts: On September 4, 2019, Fernandez arrived at Miami Correctional Facility ("MCF"). ECF 24-3 at 64. On September 5, 2019, he requested protective custody from Casework Manager Lathper and was assaulted hours later. *Id.* at 65. Immediately after the assault, Fernandez was moved to the Restricted Housing Unit ("RHU"), where he was held without any means to communicate and his verbal requests for grievance forms were ignored. *Id.* This continued until September 13, 2019, when he was transferred to the New Castle Correctional Facility ("New Castle"). *Id.* On September 18, 2019, Fernandez requested a grievance form at New Castle. *Id.* at 66. On September 22, 2019, Fernandez received a grievance form and submitted a grievance to New Castle's grievance office with instructions to forward the grievance to MCF ("September 22 grievance"). *Id.* at 7,

3

66. On September 25, 2019, New Castle's Grievance Specialist notified Fernandez his September 22 grievance had been e-mailed to MCF's grievance office. *Id*. On October 21, 2019, Fernandez wrote to New Castle's Grievance Specialist to notify her that he had not received any filing receipt or response from MCF's grievance office regarding his September 22 grievance. *Id.* at 8, 66. The next day, New Castle's Grievance Specialist responded to Fernandez and instructed him to contact MCF. *Id.* at 8, 67. Fernandez then contacted MCF's grievance office regarding the status of his September 22 grievance, and MCF's Grievance Specialist responded that she had never received any grievance and the time to submit a grievance had expired. *Id.* at 10-11, 67. Because the defendants do not dispute these attestations, the court accepts them as undisputed.

Fernandez argues that MCF's grievance office made his administrative remedies unavailable by failing to respond to his September 22 grievance. ECF 24-1 at 8-12. Here, it is undisputed that Fernandez submitted his September 22 grievance to New Castle's grievance office with instructions to forward the grievance to MCF, and he never received any response from MCF's grievance office. However, the Offender Grievance Process in effect at the time lays out a procedure for offenders to follow if they do not receive a response to a grievance. *See* ECF 18-2. If an offender does not receive notification from the grievance office, either acknowledging receipt of the grievance or returning the grievance as rejected, within five business days of submission, they are instructed to notify the grievance office. *Id.* at 9. Further, if there is no response on the merits of the grievance within twenty business days of being investigated by the Grievance Specialist, the Offender Grievance Process instructs offenders to file an

4

appeal as though the grievance has been denied. *Id.* at 11. Fernandez provides no evidence he complied with either requirement. Instead, Fernandez provides evidence that he waited nearly twenty business days to notify either Grievance Specialist of the lack of response, and he never submitted any appeal. Thus, even construing the facts in the light most favorable to Fernandez, he still did not comply with the requirements of the Offender Grievance Process. He therefore cannot show that MCF's grievance office made the grievance process unavailable to him by not responding to his September 22 grievance.

Fernandez alternatively argues he never had any available administrative remedy because he had no access to grievance forms at MCF and, once he was transferred to New Castle, the Offender Grievance Process no longer allowed him to grieve conduct that occurred at MCF. ECF 24-1 at 13-16. But the Offender Grievance Process can be reasonably interpreted to provide Fernandez an available administrative remedy at New Castle. *See Ross v. Blake*, 578 U.S. 632, 644 (2016) ("when an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion"). Specifically, the Offender Grievances Process limits when an offender may pursue a grievance at a former facility, but there is no provision limiting grievances at a particular facility to the conduct of the staff *at that facility*. The Offender Grievance Process provides that an offender may pursue a formal written grievance at a facility from which he has been transferred only if (a) the formal grievance was initiated prior to the transfer, or (b) the grievance complains of a transfer of property or funds and is initiated within 20

5

working days from the date of transfer. ECF 18-2 at 14. Fernandez, therefore, could not have grieved this issue at MCF after his transfer to New Castle. However, the Offender Grievance Process allows an inmate to grieve "actions of individual staff" without regard to the location of the staff member. *Id.* at 3. Thus, the Offender Grievance Process permitted Fernandez to submit a grievance at New Castle complaining of Casework Manager Lathper's conduct at MCF, but he did not do so. Instead, he instructed that his grievance be sent to MCF, where the Offender Grievance Process clearly provided no remedy. Thus, the undisputed facts show Fernandez had an available administrative remedy he did not exhaust, as he could have submitted a grievance at New Castle complaining of Casework Manager Lathper's conduct.

Because the undisputed facts show Fernandez had available administrative remedies he did not fully exhaust, Casework Manager Lathper has met her burden to show he did not exhaust his administrative remedies prior to initiating this lawsuit. Summary judgment must be granted in favor of Casework Manager Lathper.

For these reasons, the court:

(1) GRANTS Casework Manager Lathper's motion for summary judgment (ECF 18); and

(2) DIRECTS the clerk to enter judgment in favor of Casework Manager Lathper and against Marco Fernandez and to close this case.

SO ORDERED on September 8, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

6